**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| TOM HINKLEY,<br><br>          Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, F/K/A LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>          Defendant. | CIVIL ACTION NO. 3:19-cv-00269-ARS<br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Tom Hinkley ("Plaintiff") and states as follows:

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits the allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits this Court has jurisdiction over this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that venue of this action is proper in this Court. Lincoln admits that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by

ERISA and Lincoln is licensed to do business in North Dakota.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln incorporates its responses to Paragraphs 1-4 by reference as if fully set forth herein.

6. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the CC Industries, Inc. Long Term Disability Plan (the "LTD Plan") under ERISA, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits Plaintiff was, at certain times, employed as a Welder II by CC Industries, Inc.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Lincoln Life Assurance Company of Boston (formerly known as Liberty Life Assurance Company of Boston) ("Lincoln Life") issued a Group Disability Income Policy (the "Policy") to CC Industries, Inc., which Policy, at certain times, insured benefits paid by the LTD Plan.  Lincoln admits that CC Industries, Inc. sponsored the LTD Plan to provide certain benefits to participating, eligible employees of CC Industries, Inc.  Lincoln admits Plaintiff was, at certain times, employed by CC Industries, Inc., and a participant in the LTD Plan.  To the extent the allegations in Paragraph 8 of the Complaint attempt to interpret the documents governing the LTD Plan, Lincoln refers to those documents themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan,

but Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.    Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan.  To the extent the allegations in Paragraph 10 of the Complaint attempt to interpret the documents governing the LTD Plan, Lincoln refers to those documents themselves as the best evidence of their contents.  Lincoln admits that Plaintiff endeavored to elect the 65% buy-up plan under the Policy effective January 2016, but Lincoln denies that it was notified about the election or provided with the necessary documentation required by the Policy to effect the 65% buy-up plan.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.    Lincoln admits Plaintiff's last day of full-time work at CC Industries, Inc., was November 10, 2017.  Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.    Lincoln is without knowledge of deductions from Plaintiff's paycheck for premiums relating to the LTD Plan, and accordingly, must deny all allegations contained in Paragraph 12 of the Complaint.

13.    Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan and that benefits were approved with a disability date of November 13, 2017.  Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.    There is no paragraph number 14 in the Complaint.

15. Lincoln admits it sent a letter to Plaintiff's counsel dated September 24, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter to Plaintiff's counsel dated September 24, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits the Policy includes language pertaining to the definition of "Evidence of Insurability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information regarding what documentation Plaintiff may or may not have relied on, and accordingly, denies the allegations contained in Paragraph 18 of the Complaint.

19. Lincoln incorporates its responses to Paragraphs 1-18 by reference as if fully set forth herein.

20. Lincoln admits Plaintiff was, at certain times, employed by CC Industries, Inc., and a participant in the LTD Plan. Lincoln admits it issued the Policy to CC. Industries, Inc., and that it was the claims administrator for claims, including the claim submitted by Plaintiff, for benefits from the LTD Plan under the Policy. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies all allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln admits it sent a letter to Plaintiff's counsel dated September 24, 2019, but Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.     Lincoln incorporates its responses to Paragraphs 1-24 by reference as if fully set forth herein.

26.     To the extent that Paragraph 26 contains legal conclusions, Lincoln is not required to answer.  To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28.     Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29.     Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30.     Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31.     Lincoln denies the allegations contained Paragraph 31 of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Lincoln denies it is the proper defendant in this action and is not liable in the capacity in which it has been sued in this action.

3.      The standard of review by the District Court in this case should be whether the decision regarding Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

**6**

Dated: March 4, 2020     **LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

             /s/ Iwana Rademaekers

            Iwana Rademaekers (Texas Bar No. 16452560)
            14785 Preston Road, Suite 550
            Dallas, Texas 75254
            Main: (214) 579-9319
            Fax: (469) 444-6456
            Email: iwana@rademaekerslaw.com

            ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

   I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of North Dakota, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

     Mac Schneider
     Email: mac@schneiderlawfirm.com

  March 4, 2020         /s/ Iwana Rademaekers
Date             Iwana Rademaekers

**7**