(Rev. May 2019)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### EASTERN DIVISION

|  |  |
|---|---|
| TOM HINKLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY<br>OF BOSTON, F/K/A LIBERTY LIFE<br>ASSURANCE COMPANY OF BOSTON,<br><br>        Defendant. | Case No. 3:19-cv-00269-ARS |

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the parties certify that on **March 18, 2020**, (and various times thereafter) they conferred in person or by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

(1)     The parties have made (or shall make by **5/14/2020**) Rule 26(a)(1) initial disclosures, summarized as follows:

Defendant contends that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Local Rule 26(c)(2) and Fed. R. Civ. P. 26(a)(1)(E)(i) because it is "an action for review on an administrative record."  The parties have agreed to waive the initial disclosure requirement, and Lincoln has agreed to produce a bates-labeled copy of the relevant LTD administrative record in lieu of initial disclosures.  Lincoln shall produce the administrative record to the Plaintiff on or before **May 14, 2020**.

(2)   The parties propose the following discovery plan:

(a)   Discovery will be needed on these subjects:

As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate.   In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, discovery will be needed on the following subjects:

Plaintiff may seek discovery that pertains to any conflict of interest Defendant has in handling and reviewing plaintiff's claim for contractual long term disability benefits.

Upon review of the administrative record, Plaintiff reserves the right to pursue discovery regarding the allegations set forth in the complaint, particularly the approval of Buy-up benefits, collection and retention of his premiums, and the manner in which Evidence of Insurability is obtained by Defendant from insureds when Buy-up coverage is elected.

(b)   Disclosure, discovery, or preservation of electronically stored information should be handled as follows:

Any electronically stored information generated as part of the claim process will be produced as part of the claim file.

Defendant will preserve all electronically stored information related to the allegations in Plaintiff's complaint, including the approval of Plaintiff's Buy-up benefits, collection and retention of his premiums, and the manner in

which Evidence of Insurability is obtained by Defendant from insureds when Buy-up coverage is elected.

(c)     The parties have discussed any issues regarding preservation of discoverable information as follows:

None at this time.

(d)     The parties have discussed possible need for a protective order as follows:

None at this time.

(e)     If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*):

Not applicable.  As this is an ERISA benefits case, no discovery beyond the Administrative Record is appropriate (subject to Plaintiff's reservations as stated above).

If the parties have not reached an agreement all or in part, the following is what the parties have not been able to agree to and the reasons why (*if applicable, this section must be completed*):

**N/A**

(f)     The parties have agreed to the following maximum number of interrogatories **per party**: **20**

(g)    The parties have agreed to the following maximum number of requests for admissions **per party**: **20**

(h)    The parties have agreed to the following maximum number of requests for production of documents **per party**: **20**

(i)    The parties have agreed to the following maximum number of depositions **per party**: **5**

(j)    The parties have agreed any depositions taken only for presentation at trial will be completed at least **30** days prior to trial.

(k)    In the event the Court determines that Plaintiff is entitled to discovery in addition to the evidence in the administrative record at the time the benefit determination(s) was made and the plan documents themselves, the parties have agreed that all fact discovery will be completed by the following deadline, with all written discovery to be served a minimum of thirty (30) days prior to the deadline:

**10/5/2020**

(l)    The parties have agreed on the following deadline for discovery motions:

**10/2/2020**

(m)    The parties do not believe a mid-discovery status conference will be necessary in this case.

(n)    The parties have agreed on the following deadlines for exchanging complete expert witness reports:

**6/8/2020**    for plaintiff(s);

**7/8/2020**    for defendant(s); and

**8/7/2020**    for any rebuttal experts.

(o)    The parties have agreed on the following deadline to complete discovery depositions of expert witnesses:

**9/8/2020**

(3)    The parties have agreed to the following deadlines for filing motions:

**8/10/2020**  motions to join additional parties;

**8/10/2020**  motions to amend pleadings;

**N/A**        motions to amend pleadings to add punitive damages claims;

**11/6/2020**  nondispositive motions (e.g. consolidation, bifurcation); and

**<u>11/6/2020</u>**  dispositive motions (e.g. summary judgment).

(4)    The parties have discussed alternative dispute resolution and plan as follows:

☐    A court-hosted settlement conference;

☑    Private mediation; or

☐    Other (explain):

(5)     The parties shall be ready to evaluate the case for settlement purposes by:

**5/14/2020**

(6)     The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

(7)     Trial of this case will be **nonjury**.

However, trials are uncommon in ERISA benefit claims.   Rather, the Court generally reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made.   This case could be decided on dispositive motions filed by the parties, though Plaintiff reserves the right to try claims which relate to a genuine dispute of material fact regarding the approval of Plaintiff's Buy-up benefits, collection and retention of his premiums, and the manner in which Evidence of Insurability is obtained by Defendant from insureds when Buy-up coverage is elected.

(8)     The estimated length of trial, if not decided on dispositive motions, is 1-2 days.

6

Dated: April 10, 2020

SCHNEIDER LAW

/s/ Mac Schneider (with permission)
Mac Schneider  (ND ID No. 06476)
815 Third Avenue South
Fargo, ND  58103
PH:  (701) 235-4481
Fax:  (701) 235-1107
Email:  mac@schneiderlawfirm.com

*Attorney for Plaintiff(s)*

Dated: April 10, 2020

LAW OFFICES OF IWANA
RADEMAEKERS, P.C.

/s/ Iwana Rademaekers
Iwana Rademaekers (TX Bar No. 16452560)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

*Attorney for Defendant(s)*

7

## ORDER

The parties' Scheduling/Discovery Plan is adopted as the Order of the Court with the following modifications:

(1)    The parties shall have until October 12, 2020, to file discovery motions.

(2)    A mid-discovery status conference is set for July 9, 2020, at 9:00 AM. Plaintiff shall initiate the call. The telephone number for chambers is 701-297-7070.

Dated this 16th day of April, 2020.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge